UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MICHAEL NARJES<br>865 Knox School Road<br>Alliance, OH 44601<br><br>   Plaintiff,<br><br>  v.<br><br>ABSOLUTE HEALTH SERVICES, INC.<br>c/o Sais Corp.<br>25109 Detroit Road, Suite 310<br>Westlake, OH 44145<br><br>  and<br><br>ABSOLUTE PHARMACY, INC.<br>c/o Sais Corp.<br>25109 Detroit Road, Suite 310<br>Westlake, OH 44145<br><br>  and<br><br>TSG RESOURCES, INC.<br>c/o Sais Corp.<br>25109 Detroit Road, Suite 310<br>Westlake, OH 44145<br><br>  and<br><br>TRAX MANAGEMENT SERVICES, INC.<br>c/o Jim McGregor<br>700 Morse Road, Suite 209<br>Columbus, OH 43214<br><br>   Defendants. | CASE NO.<br><br>JUDGE<br><br>**PLAINTIFF'S COMPLAINT**<br><br>**(Jury Demand Endorsed Hereon)** |

Plaintiff Michael Narjes, through counsel, respectfully files his Complaint against Defendants Absolute Health Services, Inc., Absolute Pharmacy, Inc., TSG Resources, Inc., and Trax Management Services, Inc., and states as follows:

## INTRODUCTION

1. This case challenges the policies and practices of Defendants Absolute Health Services, Inc., Absolute Pharmacy, Inc., TSG Resources, Inc., and Trax Management Services, Inc., (collectively "Defendants") by which they willfully violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the Ohio Fair Minimum Wage Amendment ("OMFWA"), Ohio Constitution Art. II, § 34a, and the Ohio overtime compensation statute, Ohio Rev. Code § 4111.03.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. This Court has supplemental jurisdiction over Plaintiff's claims under the OMFWA and the Ohio Constitution because those claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because one or more Defendant resides in this district and division and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

5. At all times relevant, Plaintiff Michael Narjes was a citizen of the United States and a resident of Stark County, OH, residing at 865 Knox School Road, Alliance, OH 44601.

6. Defendant Absolute Health Services, Inc. ("Absolute Health") is an Ohio corporation with its principal place of business at 339 East Maple Street, Suite 100, North Canton, Ohio 44720. According to records maintained by the Ohio Secretary of State, Absolute Health's statutory agent for service of process is Sais Corp., 25109 Detroit Road, Suite 310, Westlake, OH 44145.

7. Defendant Absolute Pharmacy, Inc. ("Absolute Pharmacy") is an Ohio corporation with its principal place of business at 339 East Maple Street, Suite 100, North Canton, Ohio 44720. According to records maintained by the Ohio Secretary of State, Absolute Pharmacy's statutory agent for service of process is Sais Corp., 25109 Detroit Road, Suite 310, Westlake, OH 44145.

8. Defendant TSG Resources, Inc. ("TSG") is an Ohio corporation with its principal place of business at 339 East Maple Street, Suite 100, North Canton, Ohio 44720. According to records maintained by the Ohio Secretary of State, TSG's statutory agent for service of process is Sais Corp., 25109 Detroit Road, Suite 310, Westlake, OH 44145.

9. Defendant Trax Management Services, Inc. ("Trax") is an Ohio corporation with its principal place of business at 2466 Abbey Knoll Dr., Lewis Center, OH 43035. According to records maintained by the Ohio Secretary of State, Trax's statutory agent for service of process is Jim McGregor, 700 Morse Road, Suite 209, Columbus, OH 43214.

10. Defendants were joint employers of Plaintiff pursuant to the FLSA and Ohio law as Plaintiff was employed jointly by Defendants; Plaintiff's work simultaneously benefited each Defendant; each Defendant acted directly and/or indirectly in the interest of each other Defendant in relation to the Plaintiff; there was an arrangement between the Defendants to share the Plaintiff's services; and/or each Defendant was not completely disassociated with respect to

the employment of Plaintiff, including that Defendants shared control of Plaintiff. *See* 29 C.F.R. 791.2.

## FACTUAL ALLEGATIONS

### Defendants' Business

11. Defendant Absolute Health is a "provider of long-term care services for facilities and consumers."[1] Defendant Absolute Health's website states that Absolute Health provides "[e]xpert, responsive long-term care revenue management services. Receive same-day delivery of multiple medical supply product lines and 24-hour on-call service." *Id.* Defendant Absolute Health states that it provides drop-shipments, same-day delivery, and 24-hour on-call service.[2] Defendant Absolute Health utilizes drivers, including Plaintiff during his employment, to make these deliveries.

12. Defendant Absolute Pharmacy is "an independent, Ohio-based LTC pharmacy established in 1994 with superior regional service" providing services, including "[q]uick admit process for timely delivery including late arriving"[3] to "nursing and rehabilitation facilities, assisted living, and group homes"[4]. Defendant Absolute Pharmacy utilizes drivers, including Plaintiff during his employment, to make these deliveries.

13. Defendant TSG is the parent company of Defendants Absolute Health and Absolute Pharmacy.[5] Defendant TSG "is a management division of The Schroer Group of Companies … operating 20 Altercare nursing care and rehabilitation centers in Ohio and 1 in

---

[1] http://www.abshealth.com (accessed March 6, 2017).
[2] http://www.abshealth.com/medical-supplies.html (accessed March 6, 2017) (further stating "[d]id you know we can procure and deliver medical supplies for all orders great and small? This includes helping private individuals access supplies recommended by their physicians. We also partner with residential facilities to fulfill all their medical supply needs.")
[3] http://abshealth.com/pharmacy-overview.html (accessed March 6, 2017).
[4] http://abshealth.com/facility-residents.html (accessed March 6, 2017).
[5] http://www.abshealth.com/tsg-resources-2016-northcoast-99-winner.html (accessed March 6, 2017).

Michigan, the Absolute healthcare division including Pharmacy, Rehabilitation, Billing, Nurse Aide Training, Hospice and Skilled Home Health services, the Avalon Foodservice division and ATS transportation services and several management Companies."[6] Defendant TSG utilizes drivers, including Plaintiff during his employment, to make deliveries throughout its network.

14. Defendant Trax is engaged in the business of delivering packages locally, across the State of Ohio, and into Pennsylvania, for pharmaceutical, nursing home, assisted living, and other clients. Defendant Trax utilizes drivers, including Plaintiff during his employment, to make these deliveries.

15. Defendants TSG, Absolute Health and Absolute Pharmacy utilize Defendant Trax's drivers, including Plaintiff during his employment, to deliver prescriptions, medication, and other medical/paramedical items to their network and clients, as well as hire their own employee drivers who perform substantially the same services. .

16. Plaintiff delivered prescriptions, medication and other items throughout Defendants TSG's, Absolute Health's and Absolute Pharmacy's network and to Defendants' TSG's, Absolute Health's and Absolute Pharmacy's clients located at, including but not limited to, Altercare of Hilliard, Hilliard, Ohio; Altercare of Nobles Pond, Canton, Ohio; Bennington Glen Nursing and Rehabilitation Center, Marengo, Ohio; Villa at the Lake, Conneaut, Ohio; The Inn at Olentangy Trail, Delaware, Ohio; St. Paul's, Greenville, Pennsylvania; Rae-Ann Geneva Skilled Nursing, Geneva, Ohio; Light of Hearts Villa, Bedford, Ohio; Mansfield Memorial Homes, Mansfield, Ohio; and Lantern of Madison, Madison, Ohio.

**Defendants' Misclassification of Plaintiff**

---

[6] http://www.altercareonline.com/files/Press/NorthCoast%2099%20Winner%202016.pdf (accessed March 6, 2017).

17. Plaintiff Michael Narjes worked for Defendants as a delivery driver. Defendants utilized a fissured employment scheme to employ Plaintiff and misclassify him as a so-called "independent contractor" to avoid their obligations under the FLSA and Ohio law. Defendants TSG, Absolute Health, and Absolute Pharmacy, also hire delivery drivers directly and classify them as employees.

18. Through his employment with Defendants, Plaintiff worked delivering prescriptions, medication and other items, including internetwork mail, throughout Defendants TSG's, Absolute Health's and Absolute Pharmacy's network; made deliveries on Defendants Absolute Health's and Absolute Pharmacy's "routes"; and delivered items to Defendants TSG's, Absolute Health's and Absolute Pharmacy's clients.

19. Though Defendants, in violation of the law, misclassified Plaintiff as an "independent contractor," Plaintiff was in fact an employee of Defendants, because, among other things:

20. As a matter of economic reality, Plaintiff was economically dependent on Defendants. Plaintiff performed work that was integral to Defendants' primary business.

21. Defendants controlled the work Plaintiff performed and the manner in which he performed it.

22. Defendants determined Plaintiff's job locations, and determined the order and sequence in which the Plaintiff performed the work for Defendants.

23. Plaintiff worked for Defendants in a comparatively low-paying job requiring comparatively low skills, and held his position with Defendants for a longer period of time than for a single or separate series of jobs/projects. Plaintiff did not possess any special skill, other than holding a valid driver's license and passing a background check.

24. Defendants' investments and expenditures substantially outweighed any expenditures required on the part of Plaintiff.

25. Any opportunities Plaintiff had to earn remuneration were unilaterally determined and controlled by Defendants.

26. Defendants determined the work Plaintiff performed and the hours during which he performed that work.

27. Given his employment constrictions, Plaintiff could not and did not make his services available to the general public.

28. Plaintiff was under the direct supervision and control of Defendants' supervisors and dispatchers.

29. Defendants determined the amounts Plaintiff was paid.

30. Plaintiff could not work for other companies or operate an independent business(es).

31. Defendants required Plaintiff to wear specific clothing, and an identification badge that identified Plaintiff as an employee of Defendant Trax, and utilize equipment that identified him with Defendants.

32. Plaintiff could not make a profit and/or suffer any loss for his services – he was a delivery driver for Defendants.

33. Plaintiff was ultimately terminated in about December, 2016 by Defendants. Plaintiff was notified of his termination by his supervisor at Defendant Trax, at the instruction of Defendants TSG, Absolute Health and/or Absolute Pharmacy.

### **Defendants' Employment of Plaintiff**

34. Plaintiff worked for Defendants as an "independent contractor" but was in fact a non-exempt employee of Defendants who worked for the Defendants as a delivery driver from approximately February 2014 until approximately December 2016.

35. Defendants were an "employer" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

36. At all times relevant, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1), with annual gross volume of business exceeding $500,000.00.

### Defendants' Failure to Pay Minimum Wages and Overtime Compensation to Plaintiff

37. Plaintiff frequently worked more than forty hours in a single workweek for Defendants.

38. The FLSA required Defendants to pay Plaintiff at least the minimum wage, and to pay him overtime compensation at one and one-half times his "regular rate" for all hours worked in excess of forty hours in a workweek. 29 U.S.C. §§ 206, 207.

39. However, Defendants, having unlawfully misclassified Plaintiff as an "independent contractor," failed to pay him minimum wages and overtime compensation.

40. Department of Labor regulations provide that "'wages' cannot be considered to have been paid by the employer and received by the employee unless they are paid finally and unconditionally or 'free and clear.'" 29 C.F.R. § 531.35. The FLSA's minimum wage requirements are not met "where the employee 'kicks-back' directly or indirectly" all or part of the employer's wage payment. *Id*. An FLSA violation occurs "in any workweek when the cost

of [tools of the trade] purchased by the employee cuts into the minimum or overtime wages required to be paid him under the Act." *Id*.

41. Defendants required Plaintiff to maintain and provide a safe, insured and legally-operable automobile to make deliveries. Plaintiff was required to pay all out-of-pocket costs associated with his vehicle, including the costs of vehicle depreciation, maintenance and repairs, gasoline (including taxes), oil, insurance, and vehicle registration fees.

42. Defendants failed to pay at least the minimum wage to Plaintiff. Defendants paid Plaintiff low rates of compensation. In some or all workweeks, the amounts paid to Plaintiff "finally and unconditionally or 'free and clear'" did not equal or exceed the minimum wage after Plaintiff's expenses for, among other things, the costs of vehicle depreciation, maintenance and repairs, gasoline (including taxes), oil, insurance, and vehicle registration fees.

43. Defendants did not reimburse Plaintiff for driving a personal vehicle for business use at the IRS standard business mileage rate. Defendants also did not keep accurate, contemporaneous expense records and reimburse the Plaintiff accordingly. As Defendants did not keep accurate records and reimburse Plaintiff accordingly, regularly causing Plaintiff's wages to fall below minimum wage, Plaintiff is entitled to vehicle depreciation, maintenance and repairs, gasoline (including taxes), oil, insurance, and vehicle registration fees at the IRS standard business mileage rate. *See* DOL Field Operations Handbook § 30c15(a) (issued 10/31/2016).

44. Defendants failed to pay Plaintiff overtime compensation at one and one-half times his "regular rate" for all hours worked in excess of forty hours in a workweek.

45. Defendants knew that Plaintiff was entitled to minimum wages and overtime compensation pay under federal and state law, or acted in reckless disregard for whether Plaintiff was so entitled.

## COUNT ONE
### (FLSA Minimum Wage and Overtime Violations)

46. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

47. Plaintiff brings this claim for violation of the FLSA's minimum wage and overtime provisions pursuant to 29 U.S.C. § 216(b).

48. The FLSA required Defendants to pay Plaintiff at least the minimum wage, and to pay him overtime compensation at one and one-half times his "regular rate" for all hours worked in excess of forty hours in a workweek. 29 U.S.C. §§ 206, 207.

49. Defendants failed to pay minimum wages and overtime compensation to Plaintiff, in violation of the FLSA.

50. As more fully described above, Defendants, in violation of the law, misclassified Plaintiff as a so-called "independent contractor," when in fact he was an employee of Defendants according to the standards applicable under the FLSA.

51. By engaging in these practices, Defendants willfully violated the FLSA and regulations thereunder that have the force and effect of law.

52. As a result of Defendants' violations of the FLSA, Plaintiff was injured in that he did not receive minimum wages and overtime compensation due to him pursuant to the FLSA. Section 216(b) of the FLSA entitles him to an award of unpaid minimum wages and overtime compensation, as well as "an additional equal amount as liquidated damages." Section 216(b)

further provides that "[t]he court … shall … allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

**COUNT TWO**
**(Ohio Minimum Wage Violations)**

53. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

54. Plaintiff brings this claim for violation of the Ohio Fair Minimum Wage Amendment ("OMFWA"), Ohio Constitution Art. II, § 34a.

55. The OMFWA, Ohio Constitution Art. II, § 34a, required Defendants to pay Plaintiff at least the minimum wage.

56. Defendants failed to pay minimum wages to Plaintiff, in violation of the OMFWA. The OMFWA entitles Plaintiff to "equitable and monetary relief" including "two times the amount of the back wages."

**COUNT THREE**
**(Ohio Overtime Violations)**

57. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

58. Plaintiff brings this claim for violation of the Ohio overtime compensation statute, Ohio Rev. Code § 4111.03.

59. At all times relevant, Defendants were employers of Plaintiff covered by the Ohio overtime compensation statute, Ohio Rev. Code § 4111.03.

60. Defendants violated the Ohio overtime compensation statute, Ohio Rev. Code § 4111.03, by failing to pay overtime compensation to Plaintiff when due.

61. Defendants' violations of Ohio Rev. Code § 4111.03 injured Plaintiff in that he did not receive overtime compensation due to him pursuant to that statute.

62. Ohio Rev. Code § 4111.10(A) provides that Defendants, having violated § 4111.03, are "liable to the employee affected for the full amount of the overtime wage rate, less any amount actually paid to the employee by the employer, and for costs and reasonable attorney's fees as may be allowed by the court."

## COUNT FOUR
### (Ohio Record-Keeping Violations)

63. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

64. Ohio law required Defendants to maintain accurate and complete records of employee's time. Ohio Const. Art. II, § 34a.

65. Defendants violated the Ohio's record-keeping requirement by failing to maintain accurate and complete records of Plaintiff's time.

66. As a result of Defendants record-keeping violations, Plaintiff was injured in that Defendants did not have accurate and complete records of his working hours.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that the Court:

A. Enter judgment against Defendants and in favor of Plaintiff pursuant to 29 U.S.C. § 216(b) and Ohio law;

B. Award compensatory damages to Plaintiff pursuant to 29 U.S.C. § 216(b) in the amount of his unpaid overtime wages, as well as liquidated damages in an equal amount;

C. Award compensatory damages to Plaintiff in the amount of his unpaid minimum wages, in addition to liquidated damages calculated as an additional two times the amount of unpaid back wages found due to Plaintiff under Ohio Constitution Art. II, § 34a;

D. Award Plaintiff his costs and attorneys' fees incurred in prosecuting this action, and such further relief as the Court deems equitable and just.

Respectfully submitted,

*s/ Joseph F. Scott*
Joseph F. Scott (0029780)
Ryan A. Winters (0086917)
Scott & Winters Law Firm, LLC
The Superior Building
815 Superior Avenue E., Suite 1325
Cleveland, OH 44114
Telephone: 440-498-9100
jscott@ohiowagewlawyers.com
rwinters@ohiowagelawyers.com

and

Kevin M. McDermott II (0090455)
MCDERMOTT LAW LLC
11925 Pearl Road, Suite 310
Strongsville, Ohio 44136
Telephone: 216-367-9181
Facsimile: 440-846-1625
kevin@mcdermottattorney.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

                                                      *s/ Joseph F. Scott*
                                                    JOSEPH F. SCOTT (0029780)